ROSS v. GRAFTON POWER CO. et al.

District Court, D. Vermont.
July 26, 1932.

Carl A. Ross, S. E. Richardson, of St. Johnsbury, Vt., and Irving F. Carpenter, of Boston, Mass., for plaintiff.

David E. Porter, of St. Johnsbury, Vt., for defendant trustee.

Searles & Graves, of St. Johnsbury, Vt., Frederick J. Dunn, of Boston, Mass., and George T. Hughes, of Dover, N. H., for other defendants.

WOOLSEY, District Judge.

I grant the motion to vacate and dismiss the writ of sequestration in this case.

I. The plaintiff herein secured ex parte the writ of sequestration, which is the subject-matter of this motion, on a petition submitted to Judge Thomas of Connecticut, who was first designated to deal with this case. Judge Thomas has now withdrawn from the case on account of pressure of work in his own district, and I have been designated in his place by the Senior Circuit Judge of this circuit.

II. The plaintiff justifies the writ of sequestration here in question, which is not based on any interlocutory or final order or decree of this court—now the condition precedent for such a writ under Supreme Court Equity Rules 7 and 8 (28 USCA § 723)—on Rule 11 of the former Rules of the United States Circuit Court for the District of Vermont which provided: "The creation, con-

tinuance, and termination of liens and rights created by attachment of property, or the arrest of a defendant shall be governed by the laws of this State."

The case of Steam Stone-Cutter Company v. Jones, 13 F. 567, decided in the Circuit Court for this district in 1882 by Mr. Justice Blatchford, sitting with Judge Wheeler, is cited as authority on the validity of the present writ. Cf. also, Steam Stone-Cutter Company v. Sears, 9 F. 8, decided by Judge Wheeler in the Circuit Court for this district in 1881.

In the Jones Case the defendants were represented by William M. Evarts, Esq., and Edward J. Phelps, Esq., two of our greatest lawyers, and consequently one knows that every possible consideration which could have been adduced in the defendants' behalf was before the court when the decision by Mr. Justice Blatchford was rendered. The case cited, therefore, is a very impressive authority, and would, of course, have been conclusive on my decision herein if it were not for the considerations hereinafter mentioned.

The original act to establish the judicial courts of the United States, chapter 20 of the laws passed at the first session of the Congress, held in New York City commencing March 4, 1789, was passed on September 24, 1789, and provided in section 17 as follows: "And be it further enacted, That all the said courts of the United States shall have power * * * to make and establish all necessary rules for the orderly conducting business in the said courts, provided such rules are not repugnant to the laws of the United States." 1 Stat. 83.

On September 29, 1789, Congress passed an Act to regulate Processes in the Courts of the United States, being chapter 21 of the laws passed at its first session, and section 2 thereof provided: "And be it further enacted, That * * * the forms and modes of proceedings in causes of equity, and of admiralty and maritime jurisdiction, shall be according to the course of the civil law." (1 Stat. 93).

This act was from time to time amended until it finally became section 913 of the Revised Statutes, which has been embodied in the United States Code as section 723 of title 28, and is therefore a part of our present Judicial Code.

In pursuance of the powers which had been thus granted to it, the Supreme Court on March 2, 1842 promulgated the Equity Rules which were in force at the time of the decision in the case of Steam Stone-Cutter Company v. Jones (C. C.) 13 F. 567. These rules obtained with occasional amendments, unnecessary to consider here, until the Supreme Court Equity Rules of 1912 went into effect on February 1, 1913.

By Rule 89 of the Supreme Court Equity Rules of 1842, it was provided that "The Circuit Court, both judges concurring therein, may make any other and further rules and regulations for the practice, proceedings and process, mesne and final, in their respective districts, not inconsistent with the rules hereby prescribed, in their discretion, and from time to time alter and amend the same."

Rule 11 of this court, above quoted, was adopted in pursuance of the power thus vested in the Circuit Court of this district, and for that reason it was held valid by Justice Blatchford.

III. It was provided by the Judicial Code, passed by Congress and approved March 3, 1911, 36 U. S. Statutes at Large, 1087 to 1169, that the Circuit Courts of the United States should be abolished on January 1, 1912. See Judicial Code §§ 289, 301 (28 USCA § 431 note, and 36 Stat. p. 1169).

On the abolition of the Circuit Courts of the United States, necessarily all the rules theretofore in force in those courts were abrogated.

After the Circuit Courts had been thus abolished and the District Courts had been vested with federal equity jurisdiction, the Supreme Court of the United States made a new set of Equity Rules which by their terms went into effect on February 1, 1913, and which are commonly referred to as the Equity Rules of 1912. 226 U. S. 629, 673, 28 USCA § 723.

It was provided by new Rule 81 (28 USCA § 723) that these new Equity Rules should "govern all proceedings in cases then pending or thereafter brought," with the exception, of course, that in cases pending interlocutory orders then in force were left undisturbed.

Rule 81 also provided that "all rules theretofore prescribed by the Supreme Court, regulating practice in suits in equity, shall be abrogated when these rules take effect." 226 U. S. 673, 28 USCA § 723, p. 34.

Rule 79 of the new Equity Rules provided, 226 U. S. 673, 28 USCA § 723, p. 34, under the heading, "Additional Rules by District Court," "With the concurrence of a majority of the Circuit Judges for the Circuit, the District Court may make any other and further rules and regulations for the practice,

proceedings and process, mesne and final, in their respective districts, not inconsistent with the rules hereby prescribed, and from time to time alter and amend the same."

IV. We may assume for present purposes without further investigation that Rule 11 of the former Circuit Court Rules for this district was in force from the time of Justice Blatchford's decision in 1882 in Steam Stone-Cutter Company v. Jones, 13 F. 567, until the Circuit Court was abolished.

I do not think that we are entitled to assume that Rule 11 continued in force thereafter unless we have proof that it was readopted as prescribed by Rule 89 of the Equity Rules of 1842. That question is, however, not material here.

V. When the new Equity Rules came into force on February 1, 1913, they prescribed in Rule 79, above quoted, the method for making additional equity rules for the District Court, and required, for that purpose, "the concurrence of a majority of the Circuit Judges for the Circuit" within which the District Court was situated.

After the argument herein, I had the opportunity and privilege of conferring with Judge Howe of this district in this matter. He tells me that since the adoption of the Supreme Court Equity Rules of 1912 there have not been any additional Equity Rules made by the District Court of this district. Consequently the Supreme Court Equity Rules of 1912 are the only Equity Rules which now obtain in this district.

It should be observed that, by the present Supreme Court Equity Rules 7 and 8, writs of attachment or sequestration are appropriate only for the enforcement of interlocutory or final orders or decrees of the court. In other words, there must have been a judicial act of some kind determining some issue in the case before such a drastic writ may be allowed.

In the present case, however, the purpose of the writ, which was issued ex parte, was not to enforce any interlocutory order or decree of this court, but to attach certain property of certain of the defendants.

I am therefore vacating and dismissing the writ of sequestration granted by Judge Thomas herein on the ground that it is not authorized by any presently existing rule of this court and that it is in contravention of the Supreme Court Equity Rules just mentioned.

Accordingly an order may be entered vacating and dismissing the writ, and I will sign it whilst I am here.